**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAI LAN HAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-70555

Agency No. A094-938-478

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District
Judge.

Petitioner Hai Han ("Petitioner") petitions for review of a decision of the

Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The decision that an alien has not established eligibility for asylum or withholding of removal is reviewed for substantial evidence." *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). Additionally, "factual findings, including adverse credibility determinations," are reviewed for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the deferential substantial evidence standard, unless the evidence compels a conclusion otherwise, we must affirm the agency's decision. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010).

Substantial evidence supports the adverse credibility finding as to Petitioner. The REAL ID Act permits the agency to base an adverse credibility determination on the "totality of the circumstances," which can include an "applicant's responsiveness, consistency between written and oral statements, the internal consistency of those statements, and any inaccuracies or falsehoods." *Garcia*, 749 F.3d at 789 (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010)).

As the agency noted, Petitioner's testimony was internally inconsistent, was inconsistent with documentary evidence, and lacked important details. To support

---

[1] Petitioner only explicitly challenges the denial of asylum and specifically disclaims any challenge to the CAT denial.

Petitioner's claims of persecution under the one child policy and religious persecution, she gave inconsistent testimony on when her pregnancies and alleged forced abortions occurred, when she was allegedly arrested for her religion, how many times and where she was sexually assaulted, and who found her and transported her to the hospital following her alleged suicide attempt.

Regarding Petitioner's claims of persecution under the one child policy, she initially testified that she experienced her third pregnancy in 1992, she later stated that her third pregnancy took place in 1994, and when asked about the abortion for her third pregnancy, she stated that the forced abortion of her third pregnancy took place in 1994. Further, Petitioner did not mention multiple pregnancies or forced abortions in her declaration—her declaration mentioned only having to pay a 2000 Yuan fine for getting pregnant in support of her claim for persecution under China's one child policy.

Concerning Petitioner's alleged religious persecution, she testified that she was penalized in 1994 because of her involvement with her church; however, she later testified that she was arrested as a traitor to her country in 1996. Next, concerning her alleged sexual assaults, Petitioner's testimony was inconsistent with her declaration as far as the location where the assaults took place and the number of assaults. Last, regarding Petitioner's suicide attempt, her testimony was internally

inconsistent and conflicted with her declaration about who found her and transported her to the hospital after her alleged suicide attempt.

Petitioner offered several excuses for her inconsistent testimony—confusion by the questioning, faulty memory due to the passage of time, and trauma—all of which the agency considered. She also answered several questions regarding inconsistencies with nonresponsive answers such as that she experienced a continuous pregnancy, continuous persecution, and continuous sexual assault. None of the reasons offered by Petitioner compel the conclusion that Petitioner's testimony was credible. Therefore, substantial evidence supports the agency's finding that Petitioner's testimony was not credible.

Lastly, because Petitioner admitted that the only documentary evidence she provided was not an original document and contained an incorrect date, the non-testimonial evidence does not compel the conclusion that Petitioner was entitled to asylum or withholding of removal.

**PETITION DENIED**.